UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| LAROSHA INGRAM, on behalf of herself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CREDIT CONTROL, LLC. ) ) Defendant. ) ) | Civil Action No.: 4:16-cv-290 **Class Action Complaint** **Jury Trial Demanded** |

**Nature of the Action**

1. Larosha Ingram ("Plaintiff") brings this class action against Credit Control, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone

1

numbers by using an automatic telephone dialing system, without the prior express consent of the consumers, in that Defendant repeatedly dials wrong or reassigned phone numbers that do not belong to the intended recipients of its calls.

4. Section 1692d of the FDCPA provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

5. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

**Jurisdiction**

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Plaintiff resides in this State and in this District, a substantial part of the events giving rise to Plaintiff's action occurred in this State and in this District, and where Defendant transacts business in this State and in this District.

**Parties**

8. Plaintiff is a natural person who at all relevant times resided in Edgecombe County, North Carolina.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is a Missouri-based debt collection company that touts itself as a "nationally licensed, full-service receivables organization."[1]

11. Defendant states that it "provide[s] customized solutions to meet the individual revenue cycle needs of each of our clients."[2]

12. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect from Plaintiff a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

14. Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 110033, which it obtained in 2007 and last renewed in July 2016.[3]

15. Defendant states that it has "invested in one of the industry's top ranked collections systems, Artiva by Ontario Systems, which is a fully integrated platform with a centralized data store."[4]

16. Indeed, Defendant states that it utilizes "this state of the art technology and [its] highly talented IT team [] to maximize the capabilities of [its] software platform."[5]

---

[1] *See* http://www.credit-control.com/about-us/who-we-are/ (last visited Dec. 12, 2016).

[2] *See id*.

[3] *See* https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245393600001 (last visited Dec. 12, 2016).

[4] *See* http://www.credit-control.com/about-us/who-we-are/ (last visited Dec. 12, 2016).

[5] *Id*.

3

17. In addition, Defendant utilizes skip tracing to "find and contact those who have missed or ignored payments."[6]

18. In an attempt to contact a female, whose name Plaintiff did not recognize, for the purpose of attempting to collect a debt in default, Defendant placed numerous calls—over the course of months—to cellular telephone number (919) 559-xxxx—a number for which Plaintiff is the sole subscriber.

19. By way of example, Defendant called Plaintiff's cellular telephone number on, among other dates, September 22, 2016, September 26, 2016, September 30, 2016, October 1, 2016, October 5, 2016, October 12, 2016, and October 18, 2016.

20. Upon information and good faith belief, Defendant's records will show additional calls made by it to Plaintiff's cellular telephone number with an automatic telephone dialing system.

21. Defendant called Plaintiff's cellular telephone number from telephone number (800) 204-3931, a number assigned to Defendant.

22. Defendant placed all of the above-referenced calls in an effort to contact and collect a debt allegedly owed by a third party, unknown to Plaintiff. The person Defendant attempted to reach had a female name.

23. On multiple occasions, Plaintiff answered Defendant's calls and spoke to one of Defendant's employees.

24. Plaintiff explained that Defendant had the wrong number, did not know the person Defendant was calling for, and requested that Defendant stop calling her.

---

[6] *See* http://www.credit-control.com/collection-services/collections/ (last visited Dec. 12, 2016).

4

25. No matter, despite Plaintiff's demands that the calls stop, and despite informing Defendant that it was calling the wrong person, Defendant continued to place calls to Plaintiff's cellular telephone number.

26. Upon answering several of Defendant's calls, a noticeable delay greeted Plaintiff before being connected with a live customer service representative.

27. Upon information and good faith belief, and in light of the frequency, character, large number, and nature of the calls, Defendant placed the above-referenced calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

28. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

29. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database

5

of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

30. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

31. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

32. Defendant placed, or caused to be placed, additional calls to Plaintiff's cellular telephone number, which are not specifically outlined above.

33. Defendant placed the telephone calls set forth above to a telephone number assigned to a cellular telephone service, of which Plaintiff is the subscriber and for which Plaintiff pays the monthly bill.

34. Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's cellular telephone number.

35. Rather, Defendant was attempting to reach a third party who is unknown to Plaintiff.

36. Plaintiff never provided her cellular telephone number to Defendant.

37. Plaintiff never had any business relationship with Defendant.

6

38. Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

39. Upon information and good faith belief, Defendant placed the calls to Plaintiff at issue willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

40. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the calls at issue to Plaintiff.

41. Plaintiff suffered harm as a result of Defendant's telephone calls at issue in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

42. As well, Defendant's telephone calls at issue depleted or consumed, directly or indirectly, Plaintiff's cellular telephone minutes, for which she paid a third party.

43. The unwanted calls also depleted the battery in Plaintiff's cellular telephone.

44. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's telephone line.

45. As a result of unwanted calls to her cellular telephone, Plaintiff activated a call blocking application for which she pays a monthly fee.

**Class Action Allegations**

46. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and two classes of similarly situated individuals:

**TCPA Class**

All persons and entities throughout the United States (1) to whom Credit Control, LLC placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (5) in the four years preceding the filing of this complaint, (6) absent prior express consent—in that the called party was not the intended recipient of Credit Control, LLC's calls.

### FDCPA Class

> All persons and entities throughout the United States (1) to whom Credit Control, LLC placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint, (3) and in connection with the collection of a consumer debt, (4) after the called party informed Credit Control, LLC that it was calling the wrong person.

Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

47. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

48. The exact number of members of the classes is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

49. The proposed classes are ascertainable because they are defined by reference to objective criteria.

50. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

51. Plaintiff's claims are typical of the claims of the members of the classes because Plaintiff and all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

52. Like all members of the TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, without her consent, in violation of 47 U.S.C. § 227.

53. Further, like all members of the FDCPA Class, Plaintiff received telephone calls from Defendant in connection with the collection of a consumer debt that she did not owe, after informing Defendant that it was calling the wrong person.

54. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

56. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

57. There will be little difficulty in the management of this action as a class action.

58. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

59. Among the issues of law and fact common to the classes are:

   a. Defendant's violations of the TCPA as alleged herein;

   b. Defendant's violations of the FDCPA as alleged herein;

   c. Defendant's use of an automatic telephone dialing system;

   d. Defendant's practice of making calls to wrong or reassigned telephone numbers;

   e. Defendant's practice of continuing to call consumers after being informed it is calling the wrong number; and

   f. the availability of statutory damages.

9

60. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 60.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, without her consent.

63. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II: Violations of 15 U.S.C. § 1692d and § 1692d(5)

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 60.

65. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

66. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring repeatedly or continuously, and by engaging Plaintiff in telephone conversations repeatedly or continuously, with intent to annoy, abuse, or harass Plaintiff at the called number.

67. Defendant did so by repeatedly dialing Plaintiff's cellular telephone number after being informed it was calling the wrong person and after being instructed to stop calling.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an automatic telephone dialing system without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Adjudging that Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Defendant from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA Class;

(d) Awarding Plaintiff and members of the TCPA Class actual damages or statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(e) Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(f) Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(g) Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: December 16, 2016                    Respectfully submitted,

/s/ Wesley S. White
Wesley S. White
Law Offices of Wesley S. White
State Bar No.: 43916
2300 E. 7th Street, Suite 101
Charlotte, NC 28204
(702) 824-1695
wes@weswhitelaw.com

Local Civil Rule 83.1 Counsel for Plaintiff

Michael L. Greenwald*
Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

* To file notices of special attorney appearances.

Counsel for Plaintiff and the proposed classes